# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CHRISTOPHER HOWARD THRASHER, #65063**     **PETITIONER**

**VERSUS**     **CIVIL ACTION NO. 5:11-cv-113-DCB-RHW**

**WCCF**     **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, an inmate of the Mississippi Department of Corrections, filed on August, 3, 2011, a Petition for habeas corpus relief and a Motion to proceed *in forma pauperis*.[1]  On August 29, 2011, this Court entered an Order [ECF No. 5] directing Petitioner to file a written response to provide specific information regarding his claims, on or before September 19, 2011. Petitioner was warned that failure to keep this Court informed of his current address or failure to timely comply with any Order of this Court may lead to the dismissal of his case.  Although Petitioner filed a document on September 9, 2011, entitled "Petition to Show Cause for over incarceration added to the Habeas Corpus Motion that he has on file at this time" [ECF No. 6], Petitioner failed to comply with the Court's Order.

On October 12, 2011, an Order [ECF No. 7] was entered directing Petitioner to show cause, on or before October 27, 2011, why this case should not be dismissed for his failure to comply with the Court's Order of August 29, 2011.  In addition, Petitioner was directed to comply with the previous Order, by filing his written response on or before October 27, 2011. The Show Cause Order warned Petitioner that failure to keep this Court informed of his current

---

[1] Petitioner was granted *in forma pauperis* status on August 29, 2011.

address or failure to timely comply with the requirements of the Order would lead to the dismissal of this case, without further notice.  Petitioner failed to comply with this Order.

On November 15, 2011, a second Show Cause Order [ECF No. 8] was entered directing Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's Orders of August 29, 2011, and October 12, 2011.  Petitioner was directed to comply with the second Show Cause Order, on or before November 30, 2011.  The Petitioner was also warned in this Order that failure to keep this Court informed of his current address or failure to comply with the requirements of the Order by November 30, 2011, would result in the dismissal of this case.  Petitioner has not complied with this Order.

The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254.  *See Martinez v. Johnson,* 104 F.3d 769, 771-72 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[2]

As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile.  Petitioner has not contacted this Court since September 9, 2011.  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or

---

[2]*See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Martinez,* 104 F.3d at 771-72; *see also Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009). Since the Respondent has not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the   27th   day of   December  , 2011.

                          s/ David Bramlette  
                          UNITED STATES DISTRICT JUDGE